UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

October 5, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Maussa H. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-2927-BAH

Dear Counsel:

On November 11, 2022, Plaintiff Maussa H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 10), the parties' briefs (ECFs 13 and 14), and Plaintiff's reply (ECF 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on June 25, 2019, alleging a disability onset of January 1, 2015. Tr. 185–91. Plaintiff's claim was denied initially and on reconsideration. Tr. 96–100, 106–10. On May 12, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 46–71. Following the hearing, on June 1, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 12–38. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates,

---

[1] 42 U.S.C. §§ 301 et seq.

in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since . . . the application date." Tr. 18. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "spine disorder, degenerative joint disease and osteoarthritis, obesity, affective disorder and anxiety disorder." *Id.* The ALJ also determined that Plaintiff's carpal tunnel syndrome was not medically determinable. Tr. 19. The ALJ concluded, however, that if Plaintiff's carpal tunnel syndrome *were* medically determinable, it would be non-severe. *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except she can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. She can sit for 6 hours in an 8-hour workday, stand and walk for 6 hours in an eight-hour workday. The claimant can only frequently, bilaterally, reach, handle, finger, and feel. She can only occasionally ramps and stairs; balance; stoop, kneel crouch; and crawl. The claimant can never climb ropes, ladders, or scaffolds. She is limited to simple, routine tasks.

Tr. 22. The ALJ determined that Plaintiff had no past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 32–33. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 34.

### III.   LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

IV. **ANALYSIS**

Plaintiff argues that the ALJ "fail[ed] to comply" with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). ECF 13, at 8. Specifically, Plaintiff avers that the ALJ erred by failing to include a corresponding limitation in the RFC assessment, or to explain why no such limitation was necessary, after having determined at step three that Plaintiff had a moderate limitation in maintaining concentration, persistence, and pace ("CPP"). *Id*. at 8–14. Defendant counters that the RFC appropriately accounts for Plaintiff's CPP limitations. ECF 14, at 6–15.

In *Mascio*, the Fourth Circuit ordered remand to the SSA "because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining [CPP]." *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *3 (D. Md. July 18, 2017) (citing *Mascio*, 780 F.3d at 637–38).[2] *Mascio* unambiguously states that "an ALJ does not account for a claimant's limitations in [CPP] by restricting the hypothetical question to simple, routine tasks or unskilled work." *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r, Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in [CPP]." *Talmo v. Comm'r, Soc. Sec. Admin.*, No. ELH-14-2214, 2015 WL 2395108, at *2 (D. Md. May 19, 2015), *report and recommendation adopted* (June 5, 2015) (citing *Mascio*, 780 F.3d at 638).

The ALJ's analysis here is similarly flawed. Here, as in *Mascio*, the ALJ determined that Plaintiff has a "moderate limitation" in CPP. Tr. 21. The ALJ apparently tried to account for this issue by limiting Plaintiff to "simple, routine tasks." Tr. 22. However, as discussed above, this RFC limitation was flatly rejected in *Mascio*. *See Mascio*, 780 F.3d at 637–38. Therefore, "unless the ALJ adequately explained why [Plaintiff's] moderate difficulties in [CPP] did not translate into a limitation in [the] RFC," which the ALJ failed to do in this case, *Mascio* suggests remand. *Talmo*, 2015 WL 2395108, at *2.

*Shinaberry v. Saul* also advises remand. 952 F.3d 113, 121 (4th Cir. 2020). In that case, the Fourth Circuit rejected "a categorical rule that requires an ALJ to always include moderate limitations in [CPP] as a specific limitation in the RFC." *Id*. "On the contrary," the Court affirmed that remand is not required when an "'ALJ can explain why [a claimant's] moderate limitation in [CPP] at step three does not translate into a limitation' in the claimant's RFC." *Id*. (citing *Mascio*, 780 F.3d at 638). Here, the ALJ limited Plaintiff to "simple, routine tasks" but did not explain why this accounts for Plaintiff's moderate CPP difficulties. Tr. 22. Remand is required.

Defendant urges the Court to conclude that "the ALJ's discussion of the evidence provides

---

[2] The functional area of CPP refers to "the abilities to focus attention on activities and stay on task age-appropriately." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(3). A "moderate" limitation means that a claimant's ability to "function[] in [an] area independently, appropriately, effectively, and on a sustained basis is fair." *Id.* § 12.00(F)(2)(c).

sufficient insight into [their] thought process and adequate analysis for this Court to 'trace the path' to [the] overall RFC finding and perform meaningful judicial review." ECF 14, at 11. I disagree. The ALJ's RFC determination lacks a "function-by-function analysis" that would illuminate Plaintiff's "ability to work" on a consistent and competitive basis. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). To be sure, the ALJ clarified that Plaintiff "has no significant pace limitation" which would warrant a corresponding RFC limitation. Tr. 26. Moreover, the ALJ explained that the limitation to "simple, routine tasks" was "based largely on deficits in concentration, due to a combination of psychiatric conditions and pain symptoms." Tr. 31. But the ALJ overlooked the fact that this limitation was held to be inadequate in *Mascio*. Additionally, the ALJ offered no explanation of why Plaintiff's concentration difficulties might not warrant an RFC limitation which more directly accounted for such difficulties.[3] For these reasons, remand is warranted. *Talmo*, 2015 WL 2395108, at *2.

"Pursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in [CPP], the ALJ must either include a corresponding limitation in [the] RFC assessment, or explain why no such limitation is necessary." *Id.* at *3. The ALJ here did neither, so remand is required. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

V. **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

---

[3] In fact, the ALJ determined that Plaintiff has a moderate CPP limitation despite also finding that the "attention and concentration findings in Dr. Thapar's records consistently indicated 'good' functioning based on [Plaintiff's] ability to track without distraction during her appointments." Tr. 21. Such an analysis frustrates my ability to even ascertain "the reason for the finding of moderate, as opposed to mild or no, limitation in the area of [CPP]." *McDonald*, 2017 WL 3037554, at *4.